IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TGM WIND SERVICES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-01007-N |
| | § | |
| PETR BARTUSEK and | § | |
| BLADE PLATFORMS, LLC, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses Defendants Petr Bartusek and Blade Platforms, LLC's ("Blade")

motion to dismiss for improper venue, or in the alternative, to transfer venue to the District

of Delaware [12].  The Court denies the motion.

### I. ORIGINS OF THE DISPUTE

TGM Wind Services, LLC ("TGM") uses self-propelled aerial work platforms to

provide access to wind turbines.  Additionally, TGM performs blade cleaning, blade and

composite repair, erosion remediation, and tower paint and rust remediation.  Blade competes

with TGM in the field of aerial work platforms and wind turbine maintenance and repair

services.  TGM employed Bartusek as Chief Operations Officer from January 1, 2015 until

October 2, 2015, when TGM terminated Bartusek for poor performance results.  Blade now

employs Bartusek as Commercial Vice President.  On April 13, 2016, TGM brought this

action against Defendants claiming breach of fiduciary duty, fraud by nondisclosure, breach

of contract, misappropriation of trade secrets, conversion, defamation and business

ORDER – PAGE 1

disparagement, tortious interference with contract, trademark infringement, unfair competition, and unjust enrichment.  On May 18, 2016, Defendants moved to dismiss.

## II. RULE 12(B)(3) AND PERSONAL JURISDICTION

### A. Rule 12(b)(3) Standard

Once a defendant raises the issue of improper venue in a Rule 12(b)(3) motion to dismiss, the plaintiff has the burden to prove that the chosen venue is proper.[1] FED. R. CIV. P. 12(b)(3).  If a court does not hold an evidentiary hearing, a plaintiff may carry its burden by presenting facts that, taken as true, would establish venue.  *See Broadway*, 2016 WL 1259568, at *2.  The court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff.  *See id.*  Moreover, when deciding a Rule 12(b)(3) motion, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments."  *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).  Specifically, "the court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Id.* at 238 (punctuation and citations removed).

_____

[1]There is a split of authority among federal courts and in the Fifth Circuit with regard to which party bears the burden of establishing venue on a Rule 12(b)(3) motion to dismiss for improper venue.  It appears, however, that the majority of courts place the burden on the plaintiff.  *See Broadway Nat'l Bank v. Plano Encryption Techs., LLC*, 2016 WL 1259568, at *2 n.2 (W.D. Tex. 2016).  This Court will follow the majority.

Under 28 U.S.C. § 1391(b), the general venue statute, venue is proper in the following circumstances:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

> [I]n a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State . . . .

28 U.S.C. § 1391(d).  Thus, "a plaintiff must demonstrate that the defendant has sufficient minimum contacts with the district where the suit was brought to show venue was proper." *See Garnet Digital, LLC v. Apple, Inc.*, 893 F. Supp. 2d 814, 815 (E.D. Tex. 2012).

### *B. Personal Jurisdiction Standard*

"Determining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997).  "Because the Texas Long Arm Statute is coextensive with the confines of due process, questions of personal jurisdiction in Texas are generally analyzed entirely within the framework of the Constitutional constraints of Due Process." *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003); *see*

ORDER – PAGE 3

*Gessmann v. Stephens*, 51 S.W.3d 329, 335 (Tex. App.— Tyler 2001, no pet.). To determine whether an exercise of personal jurisdiction comports with due process, "the constitutional touchstone remains whether the defendant purposefully established minimum contacts in the forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (punctuation and citation removed).

"There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). Specific jurisdiction exists if (1) the cause of action is related to, or arises from, the defendant's contacts with the forum, and (2) those contacts meet the due process standard. *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986). General jurisdiction, on the other hand, exists where a foreign corporation's contacts in the forum are so "continuous and systematic as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S.Ct. 746, 761 (2014) (internal citations omitted) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Under either a general or specific jurisdiction analysis, however, "[t]he constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Stuart v. Spademan*, 772 F.2d 1185, 1191 (5th Cir. 1985) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

### III. THE COURT DENIES THE MOTION TO DISMISS

Under section 1391(b)(1), venue is proper in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located. *See* 28

ORDER – PAGE 4

U.S.C. § 1391(b)(1).  It is undisputed that Bartusek is a resident of the Northern District of Texas.  Blade, however, disputes that it is a resident of Texas.  Under section 1391(c)(2), an entity, if a defendant, is a resident "in any judicial district in which such defendant is subject to the court's personal jurisdiction."  28 U.S.C. § 1391(c)(2).  Additionally, under section 1391(d), Blade resides in any district in Texas within which its contacts would be sufficient to subject it to personal jurisdiction.  *See* 28 U.S.C. § 1391(d).  Based on the Court's analysis of the complaint and the facts in the record, Blade has established sufficient minimum contacts to support specific jurisdiction in the Northern District of Texas.

The Court finds that the misappropriation of trade secrets claim asserted by TGM against Defendants is related to or arises from Defendants' contacts with the forum.  TGM alleges that Bartusek obtained confidential information from TGM during the course of his employment with TGM, while Bartusek was working in Dallas.  Further, TGM alleges that Bartusek, with and as an employee of Blade, has willfully and maliciously used or threatened to use that information in competition with TGM.  Taking the alleged facts in the record as true, because Bartusek worked in Dallas when he acquired the information and continues to live in Dallas as an employee of Blade, the Court finds that Dallas is the site of the alleged misappropriation of trade secrets.

To satisfy the demands of due process, however, the defendant must have *purposefully* established such minimum contacts.  "We must look to see whether there has been some act by which the nonresident 'purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws.'"  *Stuart*, 772

ORDER – PAGE 5

F.2d at 1190 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).  The Court finds that

Blade's minimum contacts with the Northern District of Texas comport with due process.

Blade maintains operations in Texas, and Bartusek is an employee of Blade who lives in and

works from Dallas, Texas.  Bartusek, as an employee of Blade, allegedly misappropriated the

trade secrets of a Texas company while a resident of Dallas.  As such, Blade could

"reasonably anticipate being haled into court" in the Northern District of Texas as a

consequence of its actions and Bartusek's actions.  *Stuart*, 772 F.2d at 1191.

Asserting jurisdiction over Blade does not offend "traditional notions of fair play and

substantial justice."  *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Fairness requires the Court to consider "among other things, the interest of the state in

providing a forum for the suit, the relative conveniences and inconveniences to the parties,

and the basic equities."  *Southwest Offset, Inc. v. Hudco Publishing Co.*, 622 F.2d 149, 152

(5th Cir. 1980); *see also Stuart*, 772 F.2d at 1191.  Because Bartusek is a resident of Dallas,

Blade conducts operations in Texas, substantial sources of proof are likely located in Texas

while others may be sent electronically, and many key witnesses are located in Texas,

specific jurisdiction in this case conforms with traditional notions of fair play and substantial

justice.

## IV. STANDARDS FOR TRANSFER OF VENUE

Section 1404(a) provides: "For the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought . . . ."  28 U.S.C. § 1404(a).  The Fifth Circuit has

ORDER – PAGE 6

adopted the private and public interest factors first enunciated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), a *forum non conveniens* case, as appropriate for the determination of whether a § 1404(a) venue transfer is for the convenience of parties and witnesses and in the interest of justice. *See Humble Oil*[ *& Ref. Co. v. Bell Marine Serv., Inc.*], 321 F.2d [53,] 56 [(5th Cir. 1963)].

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *In re Volkswagen I*] (citing *Piper Aircraft* [*Co. v. Reyno*], 454 U.S. [235,] 241 n.6 [(1981)]).   The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

Although the *Gilbert* factors are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive.  Moreover, we have noted that "none . . . can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004).

*In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).  "The convenience of witnesses is often regarded as the most important factor to be considered in deciding whether to transfer venue." *Von Graffenreid v. Craig*, 246 F. Supp. 2d 553, 563 (N.D. Tex. 2003).

The Fifth Circuit has also rejected certain considerations as factors.  Most importantly, a plaintiff's choice of forum is not a factor to be weighed, but rather bears on the movant's burden of proof. *In re Volkswagen*, 545 F.3d at 315 n.10 ("A plaintiff's choice of forum, however, is not an independent factor within the forum non conveniens or the § 1404(a) analysis.  . . .  Although a plaintiff's choice of venue is not a distinct factor in the venue

ORDER – PAGE 7

transfer analysis, it is nonetheless taken into account as it places a significant burden on the

movant to show good cause for the transfer.").

> Thus, when the transferee venue is not clearly more convenient than the venue
> chosen by the plaintiff, the plaintiff's choice should be respected. When the
> movant demonstrates that the transferee venue is clearly more convenient,
> however, it has shown good cause and the district court should therefore grant
> the transfer.

*Id.* at 315. The Fifth Circuit has also admonished that "[t]he factor of 'location of counsel'

is irrelevant and improper for consideration in determining the question of transfer of venue."

*In re Horseshoe Entm't,* 337 F.3d 429, 434 (5th Cir. 2003).

### V. THE COURT DENIES THE MOTION TO TRANSFER VENUE

"The party moving to transfer venue bears the burden of showing good cause as to

why venue should be transferred." *Flu Shots of Texas, Ltd. v. Lopez,* 2013 WL 2449175, at

*2 (N.D. Tex. 2013) (citing *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir.

2008)). The Court finds that the interest of justice does not require transfer to the District of

Delaware and that Blade has not met its burden of showing that the District of Delaware is

clearly more convenient.

In considering the convenience of party witnesses, Blade does not demonstrate that

the District of Delaware would be clearly more convenient for the parties. Though more

convenient for Blade, transferring venue to the District of Delaware would then shift the

burden to TGM and Bartusek to travel from Texas to Delaware. "When transferring venues

would simply shift inconveniences, transfer is inappropriate." *Flu Shots of Texas*, 2013 WL

2449175, at *2. Moreover, Blade fails to prove that any third-party witnesses reside in

Delaware or that it would be clearly more convenient for such third-party witnesses to travel

ORDER – PAGE 8

to Delaware.  The allegedly relevant third-party witnesses are a number of European

companies including Gamesa Corporación Tecnológica ("Gamesa")[2], Siemens, Vestas, LM

Wind Power, and Senvion, along with a few American companies including Wind Com,

General Electric, Invenergy, and Duke Energy, none of which have headquarters in

Delaware.  Blade argues that it would be clearly more convenient for the foreign entities to

travel to Delaware because "[they] may be able to arrive in Delaware in six or seven hours,

rather than the twenty or so hours it would take to arrive in Texas."  Defs.' Mot. to Dismiss

9 [23].  The Court is not convinced that those witnesses located outside of the United States

will be substantially more burdened by traveling to Texas than to Delaware – Dallas is a city

with many modern conveniences, including an airport, and the Court sees no foreseeable

reason why it would take a foreign witness thirteen hours longer to arrive in Dallas than

Delaware.  As such, the convenience of party witnesses does not clearly weigh in favor of

a transfer to Delaware.

While Texas courts often regard the convenience of the witnesses as the most

important factor for courts to consider in a motion to transfer venue, other factors also weigh

in favor of keeping venue in the Northern District of Texas. Substantial sources of proof are

likely located in Texas, as both TGM and Bartusek reside in the state.  Additionally, "the

---

[2]Blade argues that Gamesa, a company headquartered in Spain, may have a subsidiary in Pennsylvania, within the subpoena power of the court in Delaware.  *See* Defs.' Mot. To Dismiss 9 [23].  However, Blade neither offers evidence of this nor does Blade explain to what extent employees of this subsidiary would be called as witnesses.  In any case, given that other relevant third-party witnesses are located in Texas, this witness's possible proximity to Delaware is not enough to show that the District of Delaware is clearly a more convenient forum.

ORDER – PAGE 9

transmission of documents by electronic means is now instantaneous, inexpensive, and ubiquitous," so it will not be burdensome to transmit electronic records located in Delaware. *Doe v. Kanakuk Ministries*, 2012 WL 715980 at *3 (N.D. Tex. 2012). Further, because both TGM and Bartusek reside in Texas, this Court has an interest in deciding the case at home. Accordingly, the Court denies Defendants' motion to transfer venue to the District of Delaware.

### CONCLUSION

The Court denies Defendants' motion to dismiss under Rule 12(b)(3) and denies Defendants' motion to transfer venue under 28 U.S.C. 1404(a).

Signed September 22, 2016.

David C. Godbey
United States District Judge

ORDER – PAGE 10